IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD EDWARD TOMLIN**                                                           **PLAINTIFF**

**VS.**                      **CIVIL ACTION: 1:16cv62-RHW**

**JACKSON COUNTY, MISSISSIPPI,** *et al.*             **DEFENDANTS**

**ORDER GRANTING MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS
AGAINST DEFENDANTS MIKE EZELL, WENDY NEVALS AND MIKE WRIGHT**

Before the Court is [22] a June 10, 2016 motion to dismiss official capacity claims filed by Defendants Sheriff Mike Ezell, Officer Wendy Nevals and Captain Mike Wright in this *pro se* prisoner civil rights case. Plaintiff has filed no response to the motion, and the matter is ripe for ruling. The parties consented to the exercise of jurisdiction by the United States Magistrate Judge under 28 U.S.C. § 636(c) and FED.R.CIV.P. 73. [27] By Order entered August 17, 2016, the matter was reassigned to the undersigned for all further proceedings. [29]

Donald Edward Tomlin filed this lawsuit February 23, 2016,[1] complaining about alleged unsanitary, hazardous conditions of confinement[2] in Zone K-E at the Jackson County Adult Detention Center where he was confined from September 10, 2015 to December 4, 2015. Tomlin alleges Sheriff Ezell is the head official at the jail and was aware of the conditions and did nothing to correct them; that Captain Wright is the jail administrator and knew of the conditions but did not remedy the situation, and used K-E as a "punishment" zone for inmates;

---

[1] The complaint is dated January 12, 2016, and was originally filed jointly with another prisoner as *Randall Alan Williams and Donald Edward Tomlin v. Jackson County, Mississippi, et al.*, Civil Action No.1:16cv51-HSO-JCG. The District Judge ordered the Plaintiffs to file separate complaints and closed case 1:16cv51-HSO-JCG on February 23, 2016.

[2] The conditions include: lack of lights in cells; asbestos coated wires hanging down; water on the floors from broken pipes; crowded conditions requiring some to sleep on floors; lack of heat; broken toilets; lack of hot water in showers; broken sinks in cells; and a broken entrance/exit door.

and that Officer Wendy Nevals, who is over classification, knew of the conditions and moved inmates to K-E to punish them.  [1]  Tomlin alleges living in the stated conditions was "mentally and physically disturbing."  [13]

The Sheriff and his officers assert they are entitled to dismissal of Tomlin's claims against them in their official capacities, because those claims are actually claims against the governmental entity they represent, *i.e.*, Jackson County, Mississippi.  The Court agrees.  "Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects ... to be treated as a suit against the entity." *Id*. at 166.  Plaintiff has sued Jackson County, the entity for which Ezell, Wright and Nevals acted as agents, leaving no doubt that Jackson County has received notice of this lawsuit [16] and has responded [21].

Tomlin's official capacity claims against Ezell, Wright and Nevals are the functional equivalent of his claims against Jackson County, and should be dismissed with prejudice as to Ezell, Wright and Nevals.  *See, e.g., Fife v. Vicksburg Healthcare, LLC*, 945 F.Supp.2d 721, 731 (S.D. Miss. 2013).  It is therefore,

**ORDERED AND ADJUDGED** that [22] the motion to dismiss is granted and Tomlin's official capacity claims against Sheriff Mike Ezell, Officer Wendy Nevals and Captain Mike Wright are dismissed with prejudice.  Plaintiff's individual capacity claims remain pending at this time.

**SO ORDERED**, this the 4th day of October, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE