**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

DONALD EDWARD TOMLIN                                                                    PLAINTIFF

VS.                                                             CIVIL ACTION: 1:16cv62-RHW

JACKSON COUNTY, MISSISSIPPI, *et al.*                                          DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is [34], Defendants' November 17, 2016 motion for summary judgment

on several grounds including Plaintiff's failure to exhaust administrative remedies prior to filing

this prisoner civil rights lawsuit.  Plaintiff filed no response to the motion, and the matter is ripe

for ruling.  The parties consented to the exercise of jurisdiction by the U.S. Magistrate Judge

pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, and the case was reassigned to the

undersigned for all purposes.  [27], [29]

<u>**Facts and Procedural History**</u>

On February 23, 2016,[1] Plaintiff Donald Edward Tomlin, filed this prisoner civil rights

lawsuit alleging violation of his constitutional rights by Captain Mike Wright, Officer Wendy

Nevals, Sheriff Mike Ezell and Jackson County, Mississippi due to conditions in the Jackson

County Adult Detention Center (JCADC), during his confinement there from September 2015

until December 2015.  Since he filed his complaint, Tomlin has changed his address several

times: on February 29, 2016 to the Mississippi Department of Corrections facility in Pearl, MS

[5]; on April 6, 2016 to an address in Hattiesburg, MS [12]; on July 22, 2016 to Central

Mississippi Correctional Facility [26]; to Madison County Community Work Center in Canton,

---

[1]Tomlin signed the complaint January 12, 2016. [1, p. 5]  The original complaint was filed jointly by Randall Alan Williams and Donald Edward Tomlin. The Court entered an order on February 23, 2016 requiring that separate complaints be filed. [3]

MS on October 5, 2016 [31]; to a Forest, MS address on November 7, 2016 [32]; to the Hinds County Restitution Center in Jackson, MS on January 30, 2017 [36]; and to a free-world address in Pascagoula, MS on March 1, 2017.  [37]

At the time of the events of which he complains, Tomlin had been convicted and was an MDOC inmate.  [1, p. 3]  He alleges his Eighth Amendment rights were violated by conditions of confinement in K-E Zone at JCADC where he claims he was confined from September 10, 2015[2] through December 4, 2015.  [34-2, p. 7]  According to jail records, Tomlin was housed in K-E from October 12 until November 2, 2015, and from November 10 to November 30, 2015.[3]  [34-1, pp. 10-11]  The conditions of which Tomlin complains are that: there were 10-12 prisoners in the zone which had five two-bed cells, a day room and a shower; there were four people in his cell at times; he had to sleep on a mattress on the floor; the light fixture in his cell was gone, with "asbestos coated" wires hanging down from where it had been;[4] a water pipe broke in the wall releasing water onto the floor; there was standing water on the floor; toilets were non-functional, only two of the five toilets in the zone worked; the entry/exit door to the common area of the zone was broken; the air conditioner was left on in cold weather; there was no hot water in the shower; and the sinks in the cells did not work.  [34-2, pp. 8-16]

According to Tomlin's testimony, he sued Jackson County because it owns the jail, Sheriff Ezell because he has control over the jail, Captain Wright (Director of the jail) because he sent prisoners to K-E Zone as punishment, and classification officer Wendy Nevals because she

---

[2]Jail records show Tomlin's arrest/booking date as September 18, 2015.  [34-1, p. 8], [34-3, p. 1]

[3]Tomlin stated he was placed in K-E on September 10, 2015.  [34-2, p. 17], [34-1, pp. 8, 11]

[4]Tomlin testified it had to be asbestos because "the jail was built back in the early '40s and '50s," and the wires had some coating on them he had never seen before.  [34-2, pp. 12-13] [34-3, p. 1]

knew of the conditions in K-E Zone and did nothing about it.  [34-2, pp. 20-22].  In response to the Court's inquiry as to what injury he suffered from Defendants' actions, Tomlin stated that living in the stated conditions was "mentally and physically disturbing."  [13]

Tomlin initially stated in the August 16, 2016 screening hearing that he never filed an administrative remedy for the conditions of which he complains; that he simply made verbal maintenance requests to staff members.  He later testified he filed a written grievance sometime in October but never received a response.  [34-2, pp. 18-19]   JCADC records contain no written grievance from Tomlin regarding the conditions in K-E.  [34-3]  Of the 13 Inmate Requests he submitted at JCADC, four are Grievances – one is about food service [34-3, p. 25], and three concern medical problems which are not at issue in this lawsuit.  [34-3, pp. 30-32]  The only request he directed to the JCADC Administration was to use the telephone up front to call and check on his mother.  [34-3, p. 29]  His remaining Inmate Requests are directed to Classification and are about housing and work assignments [34, pp. 21-23, 24, 26-27-28, 33]; none request that he be moved from K-E; in fact, two request that he be moved *to* K-E.  [34, pp. 24, 26]

By Order [30] entered October 4, 2016, the Court dismissed Tomlin's official capacity claims against Defendants Ezell, Nevals and Wright, as those claims are actually claims against the governmental entity the individuals represent, *i.e.*, Jackson County, Mississippi, which is already a named defendant in the case.  All Defendants now seek summary judgment on Tomlin's remaining claims.  Defendants assert that Tomlin failed to exhaust his administrative remedies prior to filing his lawsuit; he has failed to establish an Eighth Amendment violation; he has not established the requisite elements of a municipal liability claim against Jackson County; and that the individual Defendants have qualified immunity.  In support of their motion, Defendants have presented the November 15, 2016 affidavit of JCADC director Michael D.

Wright, accompanied by JCADC policies and procedures and the Inmate Handbook, Tomlin's

booking sheet and activity sheet from JCADC, his hearing testimony, and jail records for

September 18 through December 4, 2015 regarding his claims.  [34-1], [34-2], [34-3]

### Summary Judgment Standard

Rule 56, FED.R.CIV.P., requires that a motion for summary judgment be granted "if the

movant shows there is no genuine dispute as to any material fact and that the movant is entitled

to a judgment as a matter of law."  A material fact is one that might affect the outcome of the suit

under the governing law; a genuine dispute exists when the evidence is such that a reasonable

jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986).  On a motion for summary judgment, the Court views the evidence and draws

reasonable inferences most favorable to the non-moving party.  *Abarca v. Metropolitan Transit

Authority*, 404 F.3d 938, 940 (5th Cir. 2005).  The party who bears the burden of proof at trial

also bears the burden of proof at the summary judgment stage.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-323 (1986).

One seeking summary judgment must identify those portions of the pleadings and

discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue

of material fact.  *Id.*, at 325.  If the movant fails to show the absence of a genuine issue

concerning any material fact, summary judgment must be denied, even if the non-movant has not

responded to the motion.  *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985).

However, once the movant carries his burden, the burden shifts to the non-movant to show

summary judgment should not be granted.  The non-movant may not rest upon mere allegations

or denials, but must set forth specific facts showing there is a genuine issue for trial by either

submitting opposing evidentiary documents or referring to evidentiary documents already in the

record which show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

## Law and Analysis

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all available administrative remedies through the prison grievance system before filing a lawsuit pursuant to 42 U.S.C. § 1983:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) ("proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *Nottingham v. Richardson*, 499 Fed.Appx. 368, 373 (5th Cir. 2012); *Johnson, v. Ford*, 261 Fed.Appx. 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003), quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Dismissal is appropriate

where an inmate has failed to properly exhaust the administrative grievance procedure before

filing his complaint in court.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Although Tomlin claims the MDOC Administrative Remedy Program (ARP) "is not

applicable" because his claims are from a county jail, the JCADC Inmate Handbook refutes that

contention.  [1, p. 3], [34-1, p. 14]  As a convicted MDOC inmate housed at JCADC, Tomlin had

available to him both the JCADC grievance procedure and the ARP.  The JCADC Inmate

Grievance Procedure provides:

> •Inmates may file a grievance when subject to ... a violation of civil rights...
> •Inmates should file these grievances by directing an inmate request form to ADC Administration.
> •The form should clearly state the problem and include a detailed account of the circumstances which led to the grievance.
> •ADC Administration will review the form and decide what action, if any, should be taken.
> •<u>Inmates who have been sentenced to the Mississippi Department of Corrections also have access to the Administrative Remedy Program.  Instructions for filing a grievance through this program will be provided upon grievance request.  This should be used only after the inmate utilizes the normal grievance procedure.</u>

[34-1, p. 14]  The MDOC has a two-step ARP to address inmates' complaints regarding their

incarceration.  *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013).  The ARP

requires an inmate to submit a written grievance, and if he is not satisfied with the response to it,

he may continue to the second step by submitting the appropriate ARP form.  The second step

response completes the ARP process, and if the inmate remains unsatisfied, he may then file suit

in federal court.  *Id.*; *see also, MDOC Inmate Handbook*, Chapter VIII, Administrative Remedy

Program.  Merely initiating the grievance process or putting prison officials on notice of a

complaint is insufficient to meet the exhaustion requirement – the grievance process must be

carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act.

*Tompkins v.* Holman, 2013 WL 1305580, *2 (S.D. Miss. March 26, 2013); *Wright v.*

*Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  Tomlin's assertion that he submitted a written grievance regarding the conditions of which he complains in this lawsuit is belied by the JCADC jail records.  [34-3]

The PLRA further provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury..."  42 U.S.C. § 1997e(e).  Tomlin has neither alleged, nor presented evidence of, any physical injury; he stated only that living in the conditions described in his complaint was "mentally and physically disturbing."  [13] Tomlin has likewise failed to present evidence to establish a municipal liability claim.  See, *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)).

Because the evidence before the Court shows Tomlin failed to exhaust the administrative remedies available to him before filing suit, dismissal of this action is warranted, obviating the need to address Defendants' alternative grounds for summary judgment.  It is therefore,

**ORDERED AND ADJUDGED** that Defendants' motion for summary is granted, and this case is dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit. A separate judgment will be entered.

**SO ORDERED** this the 31st day of March, 2017.


/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE